Civil action by Trustees named under the will of Mrs. Kate G. Bitting Reynolds, deceased, for construction of, and for advice as to, and instructions concerning, the rights and duties of the Trustees under Section five of said will which reads in pertinent part as follows:
"All the Rest, Residue and Remainder of my estate of every nature, including any undisposed remainders in the trusts or bequests hereinbefore created and including also any bequests herein made which shall for any reason fail to take effect or which shall at any time after my death become ineffective or lapse because of deaths or failure of purposes for which intended or for any other reasons, I give, devise and bequeath:
"To my trustees hereinafter named, in trust, . . . to pay three-fourths of the net income therefrom to the Hospitals located in the State of North Carolina, for the benefit of Charity patients, and said trustees shall pay such income quarterly to said hospitals upon the basis of the average number of charity patients cared for therein during each day of the immediately preceding period of three months. Any hospital participating under the provisions of this Will except those benefiting from specific bequests shall make a monthly report to my trustees showing the number of charity patients cared for during each day of the month, and my trustees shall be the sole judge as to the eligibility to receive benefits hereunder of any and all hospitals, and the decision of my trustees in respect thereto shall be final.
"I EXPRESSLY DIRECT THAT THE STOCK OF R. J. REYNOLDS TOBACCO COMPANY CONSTITUTING A PART OF MY RESIDUARY ESTATE AND ADMINISTERED UNDER THIS SECTION FIVE OF MY WILL SHALL NOT IN ANY EVENT BE SOLD, EXCHANGED OR OTHERWISE DISPOSED OF BY MY TRUSTEES, BUT THAT THE SAME SHALL BE HELD IN THE TRUST AS A PERMANENT INVESTMENT."
The advice and instructions sought pertain particularly in respect to:
"(a) Whether or not the Trustees have the right and power to set up a reserve out of the income of the trust and to increase, decrease, exhaust and replenish such reserve from time to time as conditions affecting the trust and the beneficiaries thereof may, in the judgment of the Trustees, require: *Page 748 
"(b) Whether or not the proper construction of said will, giving effect to the true intent and meaning thereof, confers upon the Trustees the authority, in the exercise of their discretion, to determine finally who is and who is not a charity patient as that term is used in said will;
"(c) Whether or not the proper construction of said will, giving effect to the true intent and meaning thereof, confers upon the Trustees the authority, in the exercise of their discretion, to determine finally what is and what is not a hospital as that term is used in said will; and
"(d) Whether or not the proper construction of said will, giving effect to the true intent and meaning thereof, confers upon the Trustees the authority from time to time, in the exercise of their discretion, to determine finally the hospitals located in the State of North Carolina which are to receive benefits under said will and whether or not it confers upon the plaintiffs as Trustees the authority to require any hospital seeking to receive benefits thereunder to make application for benefits and to furnish such information as the Trustees may deem necessary to enable them to make such determination intelligently."
The plaintiffs, who are the named, duly qualified and acting, Trustees under the will of Mrs. Kate G. Bitting Reynolds, who died resident of Forsyth County, North Carolina, on 23 September, 1946, and particularly as Trustees of the residuary trusts created by Section 5 thereof, as aforestated, set out in their petition, in summary, these facts:
(1) That while the ultimate beneficiaries of this charitable trust are the charity patients in hospitals located in the State of North Carolina, the Trustees are directed to make payments to hospitals located in the State of North Carolina; and, consequently, plaintiffs believe that the hospitals of the State of North Carolina should be represented in any suit to construe this trust and to determine the rights and powers of the Trustees thereunder.
(2) That, in this connection, Harry McMullan, who is the Attorney-General of North Carolina, with official residence in Wake County, North Carolina, officially is charged by law with the protection of the interests of the North Carolina beneficiaries under charitable trusts; and, as the Attorney-General of North Carolina, also represents all of the hospitals owned or operated by the State of North Carolina, such as The State Hospital at Morganton, The State Hospital at Raleigh, The State Hospital at Goldsboro, The North Carolina Orthopedic Hospital, and North Carolina Sanatorium for the Treatment of Tuberculosis owning and operating several Sanatoria in the State of North Carolina.
(3) That further, in this connection, institutions located in the State of North Carolina which might be classed as hospitals are very numerous and it is not possible to make all of them defendants herein; that there are many "clinics," "homes," "sanatoria," "infirmaries," "centers," and "dispensaries," some of which might and some of which might not be *Page 749 
classified as hospitals; that new hospitals are being built from time to time, and it would be impossible to now make parties to this action hospitals which might have an interest in this trust in the future; but that the questions involved in this suit are of a common and general interest to many persons, and the hospitals and related institutions located in the State of North Carolina have a common and general interest therein, — and, consequently, plaintiffs have filed this petition for the purpose of requesting the court to select a number of institutions representative of all the hospitals located in the State of North Carolina to defend this action for the benefit of all such institutions.
(4) That some of the factors which the plaintiffs think should be taken into consideration in selecting a representative group of hospitals are: (a) The type of service rendered by the hospital . . . (b) the size of the hospital . . . (c) geographic location . . . (d) ownership or control . . . (e) charity load . . . (f) persons served . . .
(5) That, after conferring with certain medical authorities, and making a study of the hospitals and related institutions located in North Carolina preparatory to the execution of their duties under this trust, plaintiffs submit a list of thirty-two hospitals so located, classified as to type, size, ownership or control, geographical location, charity load, and a map showing the location of each and the geographic distribution in the State of North Carolina, together with supporting evidence, as representative of all the hospitals and related institutions located in the State of North Carolina.
Upon these and other procedural allegations, the plaintiffs prayed the court to enter an order (a) designating such hospitals or related institutions located in the State of North Carolina, whether included on the list submitted or not, as the court may consider to be representative of all the hospitals and related institutions located in the State of North Carolina to be made additional defendants herein to defend this action on behalf of all of the hospitals and related institutions located in the State of North Carolina; (b) permitting any other hospital or related institution, or any association or other similar body representing hospitals, located in the State of North Carolina, to become parties to this action without further order of this court and to file answer herein; and (c) providing such other safeguards and precautions as the court may deem necessary to protect the interests of charity patients and of all of the hospitals and related institutions located in the State of North Carolina.
Thereafter, the cause coming on for hearing before the Judge presiding at the 10 November Mixed Term, 1947, of Superior Court of Forsyth County, on the foregoing petition, the Judge finds these facts:
(1) That the questions presented by this action arising under the will of Mrs. Kate G. Bitting Reynolds, and particularly under Section five, *Page 750 
being the residuary clause thereof, are questions of common or general interest of and to many persons, and that the parties interested in such questions and in this action are so numerous that it is impracticable, if not impossible, to bring them all before the court, and that this is a proper instance for one or more of the interested parties to defend for the benefit of all of the interested parties, as permitted by G.S. 1-70;
(2) That the Attorney-General of the State of North Carolina by virtue of his office is charged by law with the duty of representing North Carolina beneficiaries of charitable trusts and, as such, represents the beneficiaries of the trusts created by the will of Mrs. Kate G. Bitting Reynolds, and particularly by Section Five, being the residuary clause thereof;
(3) That certain hospitals or related institutions named, thirty-two of them, are representative, in all respects, of all of the hospitals and related institutions located in the State of North Carolina, and that the questions involved in this action are common to all of the hospitals and related institutions located in the State of North Carolina;
(4) That the Attorney-General of the State of North Carolina and the hospitals named and listed as indicated in the preceding paragraph together can fairly represent and defend this action on behalf of all of the beneficiaries of the trust involved in this action created by Section Five, being the residuary clause of the will of Mrs. Kate G. Bitting Reynolds, both direct, indirect, ultimate and incidental beneficiaries;
(5) That when summons and complaint are served upon the Attorney-General and the hospitals named and listed in paragraph (3) next hereinabove, knowledge of this suit and the purposes thereof will come to the attention of the other hospitals and related institutions in the State of North Carolina and to any other person having any interest in said trust, and that provision will be made by the court for any person not specifically named as beneficiary to intervene, file pleadings and be heard.
And, upon these facts so found, the Judge entered an order (1) making the hospitals and related institutions named and listed in the findings of fact, parties defendant herein to defend this action on behalf of all other hospitals and related institutions located in the State of North Carolina, and directing that service of summons, etc., as specified, be made upon all such hospitals or related institutions or any association or other similar body representing hospitals located in the State of North Carolina to become parties to this action without further order of this court, and to file answer within given time.
The plaintiffs thereupon filed a formal complaint alleging substantially the facts hereinabove set forth. Thereupon service of summons with copy of complaint was duly made upon all the hospitals and related institutions so made parties defendant, as aforesaid. Many of them as well as the Attorney-General filed answers. *Page 751 
Thereafter, the cause came on for hearing at the 24 May, 1948, Term of Superior Court, and being heard upon the pleadings and record, the presiding judge finding the facts to be as hereinabove set forth, and, also, that no issue of fact is raised by the answers filed requiring a jury trial, and, further, finding that "in order to accomplish the purposes of the trust, practical necessity and sound business practices require that the Trustees shall have the power to set up a reserve out of the income of the trust and to increase, decrease, exhaust and replenish such reserve from time to time as conditions affecting the trust and the beneficiaries thereof may, in the judgment of the Trustees, require," entered a judgment in which it is adjudged that the Trustees have the right and power to do the four things in respect of which advice and instructions are sought as first hereinabove stated.
And in connection with prayer of plaintiffs in their complaint, the court, finding that this trust is of indefinite duration, and that other questions may arise upon which advice and instructions of the court may be sought, ordered that the cause be retained upon the inactive docket of Superior Court of Forsyth County for further orders upon the application of interested parties, as to matters not now adjudicated.
And the record on this appeal contains further a statement of the trial judge to the effect that, in view of the facts that this cause is of interest to a large number of people residing in the State of North Carolina, both individually and as charitable institutions of the State, that the office of the Attorney-General of the State of North Carolina is an interested party, that the amount of money involved is large, and that the matter will be continuing for such a length of time, any judgment rendered in the cause should be appealed to the end that there may be a final adjudication thereof by the Supreme Court, and suggesting to plaintiffs that appeal be made to Supreme Court.
Plaintiffs appeal from the judgment so rendered to Supreme Court and assign "Possible error."
The "possible error" assigned is directed to the rulings of the court in respect to each of the four things about which plaintiffs seek advice and instruction in the administration of the trust for the benefit of charity patients in hospitals located in the State of North Carolina. As to these rulings, counsel for plaintiffs, in brief filed in this Court, state very frankly that the judgment is entirely in accordance with the position of plaintiffs as Trustees under the will of Mrs. Reynolds, and that the appeal is prosecuted at the suggestion of the judge of the *Page 752 
Superior Court. Neither the Attorney-General of the State of North Carolina, charged by law with the protection of the interests of North Carolina beneficiaries under charitable trusts, nor any of the thirty-two hospitals and related institutions, has filed a brief in this Court.
And the record discloses that the case has been prosecuted in minute detail in accordance with applicable law and judicial procedure. Prudently both the Attorney-General of the State of North Carolina and such hospitals and related institutions as are representative of all the hospitals and related institutions in the State of North Carolina, as found by the court, have been made parties to the action, and duly brought into court.
Apparently there is no real discordant note, or real controversy as to the judgment from which this appeal is taken, — and it is
Affirmed.